HAMMERSCHLAG MANUF'G Co. *v.* WOOD and others.

(*Circuit Court, D. Massachusetts.*    October 11, 1883.)

PATENTS FOR INVENTIONS.

The defendants' process held an infringement of claim 5 of the reissued patent No. 8,460, granted to Hammerschlag for a process of making waxed paper by machinery.    The court, in granting the injunction, follows the opinion in *Hammerschlag* v. *Scamoni,* 7 FED. REP. 584, and *Same* v. *Garrett,* 9 FED. REP. 43.

In Equity.

*Roscoe Conkling* and *Louis W. Frost,* for complainant.

*George E. Betton,* for defendants.

LOWELL, J.    The plaintiffs move for an injunction upon an alleged infringement of claim 5 of the reissued patent, No. 8,460, granted to Hammerschlag, for a process of making waxed paper by machinery. The original patent has not been furnished me, and I do not understand that any point is made at this time against the reissue as distinguished from the original.    This claim was construed and upheld by Judge BLATCHFORD in an elaborate and careful opinion.    *Hammerschlag* v. *Scamoni,* 7 FED. REP. 584.    He found that the invention was new and useful, and what he calls a pioneer and foundation patent, entitled to a very liberal construction.    Similar evidence of the state of the art is given in this case.    This decision was followed in the third circuit in *Hammerschlag* v. *Garrett,* 9 FED. REP. 43.    The claim in question is as follows:

" The method herein set forth of waxing paper, consisting in spreading the wax upon the surface, heating the paper from the opposite side to spread and fuse the wax into the fabric of the paper, removing the surplus wax, and remelting and polishing the wax upon the paper, substantially as set forth."

The wax is spread upon the paper by means of a heated cylinder, which revolves in a bath of melted paraffine.    It then passes over a heated roller which diffuses it equally, then over a scraper which removes the surplus wax, and then over a polishing roller and is wound upon a reel.

The plaintiffs' witnesses describe the defendants' machine as having a cylinder revolving in a bath of wax.    The defendants' witnesses say that it revolves somewhat above that bath, and never touches it. Granting this to be so, the defendants have a machine which carries the web of paper under a bar and through a bath of wax, then over a scraper, then between two heated cylinders, and over a roller.    The defendants' machine, considered as a combination of particular devices, differs somewhat from that of the patent, and is more simple; it gets rid of one cylinder.    The principal difference is that it passes the web through the bath directly, instead of passing the cylinder through it, and then passing the paper over the cylinder.    I find, however, that the wax is spread, equalized, polished, and diffused by the defendants' machine, and if the fifth claim of reissue 8,460 is to have

the broad interpretation which Judge BLATCHFORD appears to me to
give it, it is done in a substantially similar way. I am informed that
in the third circuit, on a motion to commit for contempt, the court
was not willing to give so great a scope to this claim; but I am further
informed that Judge BLATCHFORD has, on a similar motion, explained
that he intended to give it this breadth. He is reported to have said
that dipping the web itself into a bath of wax, instead of dipping a
cylinder into the bath and carrying the web over the cylinder, did not
escape this fifth claim. As the decision in the third circuit was
founded upon that in the second, I should feel more safety, as matter
of authority, in following the latter. I am myself of opinion that the
claim may and should have this liberal construction.

A second patent to Hammerschlag, No. 209,393, dated October 29,
1878, is also relied on. This patent is taken out for improvements
upon the invention described in the other. It describes, among other
things, a fan for cooling the web of paper after it has been passed
over the cylinders and before it is wound on the reel. Claim 3 is, "the
method herein specified of preparing waxed paper, consisting in trans-
ferring the wax to the paper, heating the same to cause its incorpora-
tion with the paper, removing the surplus wax, and cooling the paper
by a current of air before winding the same on a reel, substantially
as described."

The defendants' argument insists that the claim incorporates the
whole process of reissue 8,460; and, if that process is not infringed,
a combination of that process with the use of a fan is not infringed.
As I have decided that the premises are unsound, the conclusion
drawn from them must fall.

Injunction ordered.